IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

OSCAR TORO,

      Plaintiff,

v.                                                    CASE NO.:

TARGET CORPORATION,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, OSCAR TORO ("Plaintiff"), hereby sues Defendant, TARGET CORPORATION, and alleges:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs, and equitable relief.

2. Venue lies within Pasco County because a substantial part of the events giving rise to this claim arose in this county.

3. Plaintiff has complied with all conditions precedent to the filing of this action as required by 42 U.S.C. § 2000e-5(f)(1) and (3) and the Florida Civil Rights Act ("FCRA"). A Charge of Discrimination was dual filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") within 300 days of the alleged unlawful employment practice. Plaintiff filed this action within 90 days of having received a Right to Sue

notice from the EEOC (attached hereto as Exhibit "A"), after the charge had been pending with the EEOC and FCHR for more than 180 days and within four years of the discrimination. All administrative prerequisites have been satisfied and this action is timely filed.

## PARTIES

4. Defendant TARGET CORPORATION ("Defendant") is a foreign profit corporation authorized to do business in Florida, operating a retail store at 2900 Little Road, Trinity, FL 34665, and with a registered agent located at: **CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324**.

5. At all times pertinent hereto, Plaintiff, Oscar Toro ("Plaintiff"), has been a citizen of the State of Florida and was employed by Defendant.

6. Plaintiff was employed by Defendant from October 2020 to May 8, 2021. Plaintiff is half Hispanic (Puerto Rican) and half African American.

## FACTUAL ALLEGATIONS

7. At the beginning of his career with Defendant, Plaintiff worked at a store with a relatively diverse mix of employees. However, in late 2020 he relocated, reapplied, and was hired at the Trinity Target where the store management employs predominantly White employees.

8. Plaintiff was one of only a handful Latino/African American employees at the store.

9. At the time, Plaintiff was forced to step down from a desirable customer-facing electronics sales position to a less desirable grocery stocking

2

position in which he would have less interaction with customers and would be required to work closing shifts. Plaintiff did not complain about this because he just wanted to do a good job at his new location and did not want to create any conflict.

10. Plaintiff did not own an automobile and, therefore, rode his bicycle to and from work. Bicycling the route to and from his home was dangerous at night because of, among other things, the wildlife (including coyotes and/or bobcats) along the dark rural route. Therefore, Plaintiff put in a request to not work nights. Despite the dangers, Defendant's management denied his request and told him that closing was the only way he could get his hours.

11. Because Defendant's management denied his request to work days, Plaintiff rode his bicycle home through a rural area in the dark at night after he would leave work at the end of the night shift. He would wear a bookbag while riding his bicycle to carry the requisite personal items to and from work.

12. Plaintiff has a concealed firearm permit and is legally permitted to carry a concealed firearm in his bookbag. To protect himself from the wildlife while riding at night, Plaintiff carried the firearm in his bookbag while riding his bicycle. He kept the firearm locked and unloaded in his bookbag (because he rode his bike and did not have a vehicle in which it can be stored) until he rode home at night.

13. On May 8, 2021, Defendant's manager on duty stated that he smelled marijuana in the breakroom. Although Plaintiff was not present in the breakroom, the manager and the loss prevention supervisor – based upon their deep-rooted

3

stereotypes against Latinos and African Americans – baselessly suspected that Plaintiff was the source of the odor.

14. It is well established that people of color (especially Latinos and African Americans) have been targeted by anti-marijuana rhetoric and have become stereotyped as marijuana and drug users. The manager's and loss prevention supervisor's assumption that Plaintiff was the source of the odor was completely wrong. Plaintiff does not use or possess marijuana and there was no legitimate reason to suspect he does.

15. Acting on their racist stereotypes, the manager and the loss prevention supervisor broke into Plaintiff's locker (without providing any advance notice to Plaintiff) and started rummaging through his bookbag, assuming the marijuana smell was coming from his belongings. It was not. No marijuana was found in his belongings at all. However, they did locate Plaintiff's concealed firearm.

16. Without telling Plaintiff, the manager and/or loss prevention supervisor called law enforcement to have Plaintiff arrested, again acting on racist stereotypes that a Latino or Black man carrying a firearm must be doing so unlawfully.

17. Notably, Plaintiff presented Defendant's management with his concealed firearms permit when he was hired, so they were on notice that it was lawful.

18. Law enforcement arrived and Plaintiff was called back to the

4

breakroom, unnecessarily publicly humiliating Plaintiff in front of his coworkers. The deputies reviewed the permit and circumstances and immediately concluded that Plaintiff was following the law and had the constitutional right to carry the firearm.

19. Yet, Defendant's management immediately terminated Plaintiff's employment because (again acting on racist stereotypes) he was a Hispanic/African American male carrying a concealed firearm in his bookbag and a suspected marijuana user (which he was not).

20. "[A]n unlawful employment practice is established when the complaining party demonstrates that race … was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e–2(m).

21. To Plaintiff's knowledge, no similarly-situated White employee has ever been fired at that store for this reason. Yet, around the time of Plaintiff's termination one of the other few Hispanic workers at the store was racially profiled. This gentleman was forced to submit to a drug test and threatened his job for pretextual reasons, further suggesting a pattern of management stereotyping Hispanics as drug users. This gentleman passed the test, but transferred to another store.

22. Plaintiff was discriminated against because of his race in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

23. The company also violated Fla. Stat. §790.251(4)(e) ("Bring Your

5

Guns To Work Law") which provides:

> No public or private employer may terminate the employment of or otherwise discriminate against an employee ... for exercising his or her constitutional right to keep and bear arms or for exercising the right of self-defense as long as a firearm is never exhibited on company property for any reason other than lawful defensive purposes.

24. Defendant's willingness to violate the state's Bring Your Guns To Work Law in order to rid itself of employees of color based upon racist stereotypes is probative of the level of racial animus harbored by the Defendant's management team.

## DISCRIMINATORY POLICIES AND PRACTICES

25. Defendant has a policy that allows employees to keep firearms concealed in a private motor vehicle in the parking lot. Plaintiff does not own a private motor vehicle. Instead, Plaintiff rides his bicycle to and from work (because he does not own a motor vehicle). Defendant does not have any facility for Plaintiff or other employees who do not own private motor vehicles to keep their concealed firearms.

26. Researchers at UC Berkeley have found that Black households are much less likely to own a car than are White households, identifying a growing gap between car ownership in White and Black households. For example:

- 19% of African Americans reported living in a household without access to a vehicle.
- 13.7% of Latino households reported not having access to a vehicle.
- 4.6% of White Americans reported living in a home without access to a

vehicle.[1]

27. A more recent study by the National Equity Atlas similarly shows a continuing disparity in motor vehicle ownership rates:[2]



28. Defendant's policy allowing only employees who own private motor vehicles to bring their concealed firearms onto the property is based on discriminatory animus against, and has a discriminatory disparate impact on, People of Color (including Plaintiff).

29. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## BRING YOUR GUNS TO WORK LAW

---

[1] https://www.thezebra.com/resources/research/car-ownership-statistics/#race
[2] https://nationalequityatlas.org/indicators/Car_access#/?breakdown=2

30.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 29 as if fully restated herein.

31.     Fla. Stat. §790.251(4)(e) ("Bring Your Guns To Work Law") provides:

No public or private employer may terminate the employment of or otherwise discriminate against an employee ... for exercising his or her constitutional right to keep and bear arms or for exercising the right of self-defense as long as a firearm is never exhibited on company property for any reason other than lawful defensive purposes.

32.     Fla. Stat. §790.251(6) provides:

[N]othing in this act shall prohibit the right of a person aggrieved under this act to bring a civil action for violation of rights protected under the act. In any successful action brought by a customer, employee, or invitee aggrieved under this act, the court shall award all reasonable personal costs and losses suffered by the aggrieved person as a result of the violation of rights under this act. In any action brought pursuant to this act, the court shall award all court costs and attorney's fees to the prevailing party.

33.     Plaintiff is an employee within the meaning of the Bring Your Guns To Work Law because he is a person who possesses a valid license issued pursuant to s. 790.06 and worked for Defendant for salary, wages, or other remuneration.

34.     Defendant is an employer within the meaning of the Bring Your Guns To Work Law because it is a business that is a sole proprietorship, partnership, corporation, limited liability company, professional association, cooperative, joint venture, trust, firm, institution, or association, or public sector entity, that has employees.

35.     Plaintiff was exercising his constitutional right to legally keep and bear arms when he stored his permitted concealed firearm in his bookbag. He kept

8

the firearm locked and unloaded in his bookbag, and he never exhibited the firearm on company property.

36. By terminating Plaintiff's employment for exercising his constitutional right to keep and bear arms, Defendant violated the Bring Your Guns To Work Law.

37. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

38. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

39. Plaintiff requests relief as described in the Prayer for Relief below.

### COUNT II
### RACE DISCRIMINATION
### Title VII of the Civil Rights Act of 1964

40. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 29 as if fully restated herein.

41. This is an action for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)-2(a), as amended ("Title VII").

42. Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

9

43. Defendant's conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), which makes unlawful discrimination against employees on the basis of race.

44. Defendant discriminated against Plaintiff in violation of Title VII when it, among other things, terminated his employment, falsely accused him of wrongdoing, and subjected him to disparate terms and conditions of employment on the basis of race. Defendant's unlawful conduct against Plaintiff was motivated at least in part by race.

45. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

46. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

47. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III
## RACE DISCRIMINATION
## Florida Civil Rights Act

48. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 29 as if fully restated herein.

49. This is an action for race discrimination under the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.* ("FCRA").

50. Defendant is an "employer" within the meaning of the FCRA.

51. Defendant's conduct as herein alleged violated the FCRA, which makes unlawful discrimination against employees on the basis of race.

52. Defendant discriminated against Plaintiff in violation of the FCRA when it, among other things, terminated his employment, falsely accused him of wrongdoing, and subjected him to disparate terms and conditions of employment on the basis of race. Defendant's unlawful conduct against Plaintiff was motivated at least in part by race.

53. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

54. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights

55. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV
## Defamation Per Se

11

56. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 29 as if fully restated herein.

57. On May 8, 2021 and on multiple occasions thereafter, Defendant made and/or published false and defamatory statements about Plaintiff to third persons by falsely telling employees and third parties that, *inter alia*, he had illegal drugs on his possession and that he was fired for "having a lot of weed" in his backpack.

58. Defendant published the false and defamatory statements knowing them to be false or with reckless disregard for whether they were false or true.

59. Defendant's false statements of fact accuse Plaintiff of committing a crime, impute to Plaintiff conduct and characteristics incompatible with the proper exercise of his lawful profession, and accuse him of behavior incompatible with the proper conduct of his business, trade or profession and, therefore, are defamatory per se.

60. Defendant acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of Plaintiff's rights.

61. The false and defamatory statements caused Plaintiff public humiliation, embarrassment, mental and emotional anguish and injury, including but not limited to pecuniary damages and loss of future employment opportunities.

62. Plaintiff requests relief as described in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the

following:

(a) that this Court take jurisdiction over this case;

(b) that this Court enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate Title VII, the FCRA, Florida's Bring Your Guns To Work Law, and common law as set forth herein;

(c) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Plaintiff's employment reinstatement, payment of all back pay and front pay, and Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(d) that this Court enter judgment against Defendant and for Plaintiff awarding all legally available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(e) that this Court enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(f) that this Court enter judgment against Defendant for exemplary and punitive damages;

(g) that this Court enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs pursuant to Fla. Stat. §790.251(6), Title VII, the FCRA and all other applicable provisions;

(f) that this Court award Plaintiff interest where appropriate; and

13

(g)     that this Court grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated:  April 25, 2022

                              Respectfully submitted,

*/s/ Jay P. Lechner*
**LECHNER LAW**
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jay P. Lechner, P.A.
Fifth Third Center
201 E. Kennedy Blvd., Suite 412
Tampa, Florida 33602
Telephone: (813) 842-7071
jplechn@jaylechner.com
admin@jaylechner.com
*Attorneys for Plaintiff*

EEOC Form 161-B (01/2022)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Mr. Oscar Toro<br>3246 Rose Field Drive<br>Holiday, FL 34691 | From: | Tampa Field Office<br>501 East Polk St, Suite 1000<br>Tampa, FL 33602 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2021-01799 | Jerry Bermudez,<br>Investigator | (813) 710-9347 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    More than 180 days have passed since the filing of this charge.

    The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

                    On behalf of the Commission

*Evangeline Hawthorne*   Digitally signed by Evangeline Hawthorne
Date: 2022.04.21 13:38:42 -04'00'

Enclosures(s)

cc: **Target-1967 Seven Spring**
**ATTN: Holly Fritz**
**Holly.Fritz@Target.com**
**2900 Little Rd**
**Trinity, FL 34655**


**Jay P Lechner**
**JAY P. LECHNER, P.A.**
**jplechn@jaylechner.com**
**201 E Kennedy Blvd. Suite 412**
**Tampa, FL 33602**

UNOFFICIAL DOCUMENT

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*