UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR TORO,

    Plaintiff,

v.

    CASE NO. 8:22-cv-01257-CEH-CPT

TARGET CORPORATION,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND DEFENSES

Defendant, TARGET CORPORATION ("Defendant"), answers the Complaint filed by Plaintiff, OSCAR TORO ("Plaintiff"), as follows:

### JURISDICTION AND VENUE

1. Defendant admits Plaintiff purports to bring an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs, and equitable relief but denies Plaintiff is entitled to any relief or damages. Otherwise, denied.

2. Defendant admits venue is proper in this Court. Otherwise, denied.

3. Defendant avers that Plaintiff's Charge of Discrimination and Exhibit A speak for themselves. Defendant is without knowledge as to the remaining allegations of Paragraph 3 of the Complaint, and therefore, they are denied.

## PARTIES

4.  Admitted and hereinafter referred to as "Store T1967."

5.  Defendant admits Plaintiff was employed by Defendant. Defendant is without knowledge as to the remaining allegations of Paragraph 5 of the Complaint, and therefore, they are denied.

6.  Defendant admits Plaintiff was reemployed by Defendant from November 12, 2020 until May 8, 2021. Defendant is without knowledge as to the remaining allegations of Paragraph 6 of the Complaint, and therefore, they are denied.

## FACTUAL ALLEGATIONS

7.  Defendant admits Plaintiff worked at a store with a diverse and inclusive culture. Defendant also admits that in late 2020, Plaintiff reapplied and was rehired at Store T1967. Defendant further admits that during Plaintiff's most recent employment, Store T1967 was more diverse than its surrounding community and open to hiring team members of all ethnicities and backgrounds. Defendant is without knowledge as to whether and when Plaintiff relocated, and therefore, those allegations are denied. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8.  Denied.

9.  Denied.

10. Defendant admits Plaintiff submitted for an availability change, removing nights from his schedule without citing a reason for the requested change, much less any purported safety concerns arising from Plaintiff's commute to and from work. Defendant is without knowledge as to Plaintiff's ownership of a motor vehicle, Plaintiff's method of commuting to and from work, and the purported wildlife present during Plaintiff's commute to and from work, and therefore, those allegations are denied. Otherwise, denied.

11. Defendant is without knowledge as to Plaintiff's method of commuting to and from work and any personal gear Plaintiff used during his commute, and therefore, those allegations are denied. Otherwise, denied.

12. Defendant is without knowledge as to the allegations in Paragraph 12 of the Complaint, and therefore, they are denied.

13. Defendant admits that on May 8, 2021, in addition to Defendant's manager, at least seven employees, including at least one employee who self-identifies as Hispanic, reported smelling marijuana in the area by the lockers. Otherwise, denied.

14. Defendant is without knowledge as to Plaintiff's use and/or possession of marijuana, and therefore, those allegations are denied. Otherwise, denied.

15. Defendant admits it lawfully exercised its right to inspect company lockers after eight team members and leaders smelled marijuana in the area by the lockers. Defendant is unable to confirm or deny whether marijuana was present, as the locker search was immediately halted when Defendant discovered the presence of Plaintiff's gun. Otherwise, denied.

16. Defendant admits it contacted law enforcement as a safety precaution, as a gun was involved. Otherwise, denied.

17. Defendant denies that Plaintiff disclosed a concealed firearm permit to Tiffany Brown at any time during his employment with Defendant. Otherwise, denied.

18. Defendant admits law enforcement arrived at Store T1967. Otherwise, denied.

19. Defendant admits it lawfully terminated Plaintiff's employment because he violated Defendant's Violence-Free Workplace policy by bringing a gun into the workplace. Otherwise, denied.

20. Defendant avers that 42 U.S.C. § 2000e-2(m) speaks for itself. Otherwise, denied.

21. Defendant admits it is not aware of any similarly-situated employees outside of Plaintiff's protected class at Store T1967, who have brought a gun into Defendant's workplace. Defendant admits that a former General Merchandise

Team Member, who self-identified as White/Hispanic, submitted to a drug test prompted by his own self-disclosure and admission to having smoked prior to work. Otherwise, denied.

22. Denied.

23. Defendant avers that *Fla. Stat.* § 790.251(4)(e) speaks for itself. Otherwise, denied.

24. Denied.

**ALLEGED DISCRIMINATORY POLICIES AND PRACTICES**

25. Defendant admits that its Violence-Free Workplace policy provides an exception in accordance with *Fla. Stat.* § 790.251(4)(e) for firearms that are lawfully possessed and locked inside or locked to a private motor vehicle in a parking lot. Defendant is without knowledge as to Plaintiff's ownership of a motor vehicle or Plaintiff's method of commuting to and from work, and therefore, those allegations are denied. Defendant avers that *Fla. Stat.* § 790.251 does not require Defendant to maintain a facility for employees who do not own motor vehicles to keep their concealed firearms. Otherwise, denied.

26. Defendant avers that the cited statistics speak for themselves. Otherwise, denied.

27. Defendant avers that the cited statistics speak for themselves. Otherwise, denied.

5

28. Denied.

29. Defendant is without knowledge as to the allegations in Paragraph 29 of the Complaint, and therefore, they are denied.

## COUNT I

30. Defendant reasserts its responses to Paragraphs 1 through 29 above, as though fully incorporated herein.

31. Defendant avers that *Fla. Stat.* § 790.251(4)(e) speaks for itself. Otherwise, denied.

32. Defendant avers that *Fla. Stat.* § 790.251(6) speaks for itself. Otherwise, denied.

33. Whether Plaintiff is an "employee," as defined by the laws under which this action is brought, is a legal conclusion for which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Whether Defendant is an "employer," as defined by the laws under which this action is brought, is a legal conclusion for which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Any rights afforded by the Florida constitution speak for themselves. Defendant is without knowledge as to manner in which Plaintiff kept his firearm

and what Plaintiff did with his firearm on company property, and therefore, those allegations are denied. Otherwise, denied.

36. Defendant admits it lawfully terminated Plaintiff's employment because he violated Defendant's Violence-Free Workplace policy by bringing a gun into the workplace. Otherwise, denied.

37. Denied.

38. Denied.

39. Defendant denies the allegations contained in Plaintiff's Prayer for Relief following Count IV in the Complaint, denies that Defendant committed any unlawful acts, and denies that Plaintiff is entitled to any relief as enumerated in subparts (a)-(g) [sic] of Plaintiff's Prayer for Relief.

## **COUNT II**

40. Defendant reasserts its responses to Paragraphs 1 through 29 above, as though fully incorporated herein.

41. Defendant admits Plaintiff purports to bring an action for alleged race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") but denies Plaintiff is entitled to any relief or damages.

42. Whether Defendant is a "person" or "employer," as defined by the laws under which this action is brought, is a legal conclusion for which a response

is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

43.   Defendant avers Title VII speaks for itself. Otherwise, denied.

44.   Defendant admits it lawfully terminated Plaintiff's employment. Otherwise, denied.

45.   Denied.

46.   Denied.

47.   Defendant denies the allegations contained in Plaintiff's Prayer for Relief following Count IV in the Complaint, denies that Defendant committed any unlawful acts, and denies that Plaintiff is entitled to any relief as enumerated in subparts (a)-(g) [sic] of Plaintiff's Prayer for Relief.

## **COUNT III**

48.   Defendant reasserts its responses to Paragraphs 1 through 29 above, as though fully incorporated herein.

49.   Defendant admits Plaintiff purports to bring an action for alleged race discrimination under the Florida Civil Rights Act of 1992 ("FCRA") but denies Plaintiff is entitled to any relief or damages.

50.   Whether Defendant is an "employer," as defined by the laws under which this action is brought, is a legal conclusion for which a response is not

required. To the extent a response is required, Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant avers that the FCRA speaks for itself. Otherwise, denied.

52. Defendant admits it lawfully terminated Plaintiff's employment. Otherwise, denied.

53. Denied.

54. Denied.

55. Defendant denies the allegations contained in Plaintiff's Prayer for Relief following Count IV in the Complaint, denies that Defendant committed any unlawful acts, and denies that Plaintiff is entitled to any relief as enumerated in subparts (a)-(g) [sic] of Plaintiff's Prayer for Relief.

## COUNT IV

56. Defendant reasserts its responses to Paragraphs 1 through 29 above, as though fully incorporated herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Defendant denies the allegations contained in Plaintiff's Prayer for Relief following Count IV in the Complaint, denies that Defendant committed any unlawful acts, and denies that Plaintiff is entitled to any relief as enumerated in subparts (a)-(g) [sic] of Plaintiff's Prayer for Relief.

## PRAYER FOR RELIEF

In response to the "WHEREFORE" clause following Paragraph 62 of the Complaint, including all subparts thereto, Defendant TARGET CORPORATION denies the allegations contained therein, denies that Defendant TARGET CORPORATION committed any unlawful acts, and denies that Plaintiff is entitled to any relief as enumerated in subparts (a)-(g) [sic].

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer. Defendant does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense. Defendant also reserves the right to assert additional affirmative defenses and matters in avoidance that may be disclosed by additional investigation and discovery. Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged claims as well as to the entire Complaint.

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, because all actions taken by Defendant regarding or affecting Plaintiff were based upon valid, legitimate, non-discriminatory, and reasonable business reasons that were not the result of any intention or purpose, past or present, to discriminate.

## THIRD DEFENSE

Defendant's actions with regard to Plaintiff's employment were job-related and consistent with business necessity.

## FOURTH DEFENSE

Any improper, illegal, or discriminatory acts taken against Plaintiff by any employee of Defendant occurred outside of the course and scope of employment, were contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

## FIFTH DEFENSE

Defendant exercised reasonable care to prohibit, prevent, and promptly correct discriminatory or unlawful behavior, if any. Defendant has a policy

prohibiting discrimination and a procedure by which its employees should inform it of any such complaints. The policy provides that such complaints will be the subject of prompt remedial action reasonably calculated to end alleged discrimination. Defendant cannot be held liable for alleged injuries where Plaintiff failed to take advantage or use preventative or corrective procedures provided in due care by Defendant to avoid harm or for acts of its employees committed outside the scope of employment.

### **SIXTH DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands are limited to the extent that Plaintiff has failed to reasonably mitigate such damages.

### **SEVENTH DEFENSE**

To the extent Plaintiff failed to timely file his claims, Plaintiff's claims are barred, either in whole or in part, by the applicable statute of limitations.

### **EIGHTH DEFENSE**

Defendant reserves the right to assert the after-acquired evidence defense should Defendant uncover evidence during the course of this action that would otherwise justify any action taken with respect to Plaintiff. The discovery of any such evidence would bar, in whole or in part, any recovery of damages by Plaintiff.

## NINTH DEFENSE

To the extent Plaintiff's causes of action, claims and items of damages did not accrue within the time prescribed by law for them before this action was brought, such claims must be dismissed.

## TENTH DEFENSE

At all times relevant to this suit, Defendant acted in good faith with regard to Plaintiff and had reasonable grounds for believing that its actions were not in violation of any law, rule, or regulation.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust administrative remedies or brings claims or relies upon facts that exceed the scope of or are inconsistent with Plaintiff's FCHR and EEOC charge(s) or are time barred by the applicable limitations period for such claims. Further, Plaintiff must exhaust all mandatory administrative remedies.

## TWELFTH DEFENSE

To the extent Plaintiff's alleged damages are speculative or uncertain, or both, they are non-compensable.

## THIRTEENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's alleged damages are controlled and/or are limited by the damages caps imposed by state law and Constitutional limits.

## FOURTEENTH DEFENSE

There should be no award of compensatory damages for mental anguish or emotional distress absent expert medical testimony concerning the cause and existence of any emotional or mental injury.

## FIFTEENTH DEFENSE

The punitive damages demanded in the Complaint are barred in whole on the ground that Plaintiff failed to allege any actionable conduct on behalf of Defendant that would support an award for punitive damages.

## SIXTEENTH DEFENSE

In the alternative, the punitive damages demanded in the Complaint are barred in whole on the ground that any actionable conduct on behalf of Defendant was not willful, wanton, or negligent, such that no punitive damages should be awarded.

## SEVENTEENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff's damages demands must be set off

against or reduced by any wages, compensation or other benefit received by Plaintiff or which was earnable or receivable with the exercise of due diligence by Plaintiff.

## EIGHTEENTH DEFENSE

Defendant was not the proximate cause of the alleged injuries or damages, if any, sustained by Plaintiff.

## NINETEENTH DEFENSE

Plaintiff's damages, including his claims for and pre-judgment and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other.

## TWENTIETH DEFENSE

The Complaint, and each and every claim asserted therein, is barred because the alleged defamatory or libelous statement(s) are true.

## TWENTY-FIRST DEFENSE

Plaintiff's request for attorneys' fees and costs is in part discretionary before this Court, and therefore, any amount awarded must be limited by the requirement, including, but not limited to, that Plaintiff be successful on the merits and that fees and costs awarded be reasonable and necessary.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff failed to satisfy all conditions precedent prior to filing this action, the Complaint and alleged damages are barred and/or limited in whole or in part.

## TWENTY-THIRD DEFENSE

To the extent that Plaintiff's damages alleged were incurred or exacerbated by Plaintiff's acts, or failures to act, Plaintiff's damages as alleged in the Complaint are barred or must be reduced pursuant to the doctrine of avoidable consequences.

## TWENTY-FOURTH DEFENSE

The Complaint also fails to state a claim for defamation per se because any alleged defamatory statement made by Defendant's employees and/or agents regarding Plaintiff was produced solely within the boundaries of recognized privileges.

## TWENTY-FIFTH DEFENSE

The Complaint also fails to state a claim for defamation per se because any alleged defamatory statement made by Defendant's employees and/or agents regarding Plaintiff was not produced to any third party.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and

that Defendant be awarded its costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

DATED:  June 8, 2022

Respectfully submitted,

*/s/ Sara G. Sanfilippo*
Dee Anna D. Hays
FL Bar No. 64790
deeanna.hays@ogletree.com
Sara G. Sanfilippo
FL Bar No. 113399
sara.sanfilippo@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL 33602
Telephone:  813.289.1247
Facsimile:  813.289.6530

*Attorneys for Defendant TARGET CORPORATION*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jay Paul Lechner, Esq.
LECHNER LAW
jplechn@jaylechner.com
admin@jaylechner.com
shelley@jaylechner.com
*Attorney for Plaintiff*

*/s/ Sara G. Sanfilippo*
Attorney